**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CIV 00-116 TUC GEE |
| Plaintiff, ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| Archibong Ekpenyong, ) | |
| Defendant, ) | |
| and ) | |
| Whataburger Restaurants of Arizona, Inc., ) | |
| Garnishee. ) | |

Pending before the court is a motion for entry of a garnishment disposition order filed by the government on October 19, 2006. [doc. # 15] The defendant did not file a response.

This report and recommendation is submitted to District Court Judge Frank R. Zapata, who was chosen by lot under the Clerk's direction.

Discussion

On February 22, 2000, the government filed this action claiming the defendant owes a debt to the United States as a result of an educational loan. The defendant failed to appear, and the court issued a default judgment on May 2, 2000.

On September 14, 2006, the government applied for a writ of garnishment as to Whataburger Restaurants of Arizona, Inc., pursuant to 28 U.S.C. § 3205. The Clerk issued the writ, and on September 19, 2006, the government served the writ on the garnishee. *See* 28 U.S.C. § 3205(c)(3).

On September 21, 2006, the government served the defendant with a copy of the writ, the Clerk's notice to the judgment debtor, and instructions for requesting a hearing on any objections. *See* 28 U.S.C. § 3205(c)(3)(B).

The garnishee answered the writ on September 25, 3006, and served a copy on the defendant. The garnishee has in its possession non-exempt earnings belonging to the defendant.

The statutory 20-day period to file objections has passed. *See* 28 U.S.C. § 3205(c)(5). The defendant has not requested a hearing on the garnishment. The procedural requirements described at 28 U.S.C. § 3205 have been fulfilled.

Recommendation

The Magistrate Judge recommends the District Court, after its independent review of the record, GRANT the motion for entry of a garnishment disposition order filed by the government on October 19, 2006. [doc. # 15]

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 10 days of being served with a copy of this report and recommendation. If objections are not timely filed, the party's right to de novo review may be waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003) (en banc).

The Clerk is directed to send a copy of this report and recommendation to all parties.

DATED this 1st day of November, 2006.

_____
Glenda E. Edmonds
United States Magistrate Judge